IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

POLLY HOPPER,

    Movant,

vs.                                                      No. CV 20-00103 KG/SMV
                                                       No. CR 14-02130 KG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Polly Hopper's Motion for Sentence Reduction (CV Doc. 1; CR Doc. 336) ("Motion"). Although titled a Motion for Sentence Reduction, in substance the Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the Tenth Circuit Court of Appeals and the Court will dismiss the Motion for lack of jurisdiction.

Movant Polly Hopper was convicted by a jury and sentenced to 292 months imprisonment for Kidnapping in violation of 18 U.S.C. § 1201(a)(1) and Conspiracy to Violate 18 U.S.C. § 1201(a)(1). (CR Doc. 1, 43, 185, 212). Hopper appealed the conviction and sentence to the United States Court of Appeals for the Tenth Circuit, which affirmed the conviction and sentence. (CR Doc. 219, 276).

On February 6, 2018, Movant Hopper filed a first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (CV 18-00137 KG/KK, Doc. 1; CR Doc. 281). In her first § 2255 Motion, Hopper raised claims of ineffective assistance of counsel and innocence.

The Magistrate Judge entered Proposed Findings and Recommended Disposition ("PFRD") on April 9, 2019, recommending denial of the Motion. (CR Doc. 315). The Court adopted the Magistrate Judge's PFRD and entered Judgment on May 10, 2019. (CR Doc. 320, 321). Hopper again appealed to the Tenth Circuit, which denied a Certificate of Appealability and dismissed the appeal on October 31, 2019. (CR Doc. 333).

On appeal from dismissal of her first § 2255 motion, Hopper did not argue her ineffective assistance and innocence claims. Instead, she sought relief from her conviction and sentence under the U.S. Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). In rejecting Hopper's argument, the Tenth Circuit stated:

> "Ms. Hopper instead argues here that she should be granted relief in light of the U.S. Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), and this court's decision in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), both of which held that the residual clause in 18 U.S.C. § 924(c)(3) is unconstitutional. Based on those cases, she contends that her conviction for kidnapping under 18 U.S.C. § 1201(a) cannot be a 'crime of violence' under that provision. But whether kidnapping is a crime of violence under § 924(c)(3) matters only to determining if Ms. Hopper could have been convicted and sentenced under 18 U.S.C. § 924(c)(1)(A) for using, carrying, or brandishing a firearm during and in relation to a crime of violence. Unlike her co-defendants, Ms. Hopper was not charged or convicted of this offense, so *Davis* and *Salas* are not relevant to her convictions or sentence."

(CR Doc. 333 at 3-4).

On January 30, 2020, Movant Hopper filed her Motion for Sentence Reduction. (CV Doc. 1; CR Doc. 336). In her Motion, Hopper states:

> "I Polly Hopper comes before this court to humbly request a sentence reduction, removal of the 924(c). See Johnson and Davis for unconstitutionally vague. Asd new case studies below so show that this should be removed from me. . . Therefore inlight of Davis and Walker, Polly Hopper sentence should be vacated and remanded for resentencing. . . I move that my sentence is removed, vacated for resentencing."

(CV Doc. 1 at 1-2; CR Doc. 336 at 1-2) (errors in the original). Because Hopper repeatedly requests that her claimed 924(c) conviction be "removed" and that her sentence be vacated, the Court construes Hopper's filing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255(a) (A prisoner in custody under a sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence"). Further, because Hopper filed a previous motion under § 2255 challenging the same conviction (Doc. 281), her current § 2255 Motion is a second or successive § 2255 motion subject to the requirements of 28 U.S.C. § 2255(h).

Section 2255(h) provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Hopper's current § 2255 Motion seeks relief based on *Davis*. (CV Doc. 1 at 1-2; CR Doc. 336 at 1-2). Although Hopper did not file a formal request for authorization from the Tenth Circuit, her arguments on appeal from dismissal of her first § 2255 sought a ruling from the Tenth Circuit on her *Davis* issue. (CR Doc. 333). The Tenth Circuit expressly rejected Hopper's argument that the U.S. Supreme Court's decision in *Davis* provides her a basis for § 2255 relief because she does not have a § 924(c) conviction. (CR Doc. 333 at 1-2).

3

Hopper's argument that her sentence should be vacated based on *Davis* has been expressly rejected by a court of appeals and, therefore, she lacks authorization to proceed in this Court under 28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider her § 2255 Motion. 28 U.S.C. § 2244(b)(3)(A).

Generally, when a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Because the Tenth Circuit has already rejected Hopper's *Davis* argument and because Hopper does not have a § 924(c) conviction, this Court will decline to transfer and will dismiss the § 2255 Motion. On those same grounds, the Court also denies Hopper a Certificate of Appealability under Rule 11(a) of the Rules Governing Section 2255 Cases.

IT IS ORDERED that Movant Polly Hopper's Motion for Sentence Reduction (CV Doc. 1; CR Doc. 336) is DISMISSED for lack of jurisdiction, a Certificate of Appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE