FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 04 2021

MITCHELL R. ELFERS
CLERK OF COURT

9:35 AM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           CR No. 14-2130-003 KG

POLLY P. HOPPER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Polly P. Hopper's Motion to Reduce Sentence under 18 U.S.C. § 3583 and the First Step Act of 2018 (Motion) (Doc. 363), and her two letters addressed to the Court (Docs. 364, 365). The United States did not file a response, and the time for doing so has now passed. *See* Fed. R. Crim. Pro. 47. After review of Ms. Hopper's Motion, the letters, and the relevant law, the Court denies Ms. Hopper's Motion without prejudice.

*I. Background*

On February 27, 2015, after a jury trial, Ms. Hopper was found guilty of kidnapping and conspiracy in violation of 18 U.S.C. §§ 371 and 1201(a)(1). (Doc. 184). On October 27, 2015, the Court sentenced Ms. Hopper to 292 months imprisonment, followed by five years of supervised release. (Doc. 212). After sentencing, Ms. Hopper filed a direct appeal. (Doc. 219). The Tenth Circuit affirmed Ms. Hopper's conviction and sentence. (Doc. 276-1). Ms. Hopper then challenged her convictions under 28 U.S.C. § 2255, and the Court denied her Section 2255 motion. (Docs. 281, 320). Ms. Hopper appealed, and the Tenth Circuit denied a Certificate of

Appealability and dismissed the appeal. (Docs. 322, 333). Ms. Hopper also filed a second Section 2255 motion, which the Court denied under 28 U.S.C. § 2255(h). (Doc. 338).

On May 18, 2020, Ms. Hopper filed her first Motion for Compassionate Release due to COVID-19. (Doc. 340). In support of her first Motion, Ms. Hopper, represented by counsel, filed over 700 pages of records detailing her medical conditions. (Docs. 343, 347, 348, 349). On August 24, 2020, the Court denied Ms. Hopper's Motion for Compassionate Release. (Doc. 357). In reaching this conclusion, the Court found that Ms. Hopper presented extraordinary and compelling reasons warranting compassionate release, but she presented a danger to her community and, therefore, was ineligible for relief under 18 U.S.C. § 3142(g). *Id.* at 8. On January 29, 2021, Ms. Hopper filed the instant Motion, again requesting compassionate release because of the COVID-19 pandemic. (Docs. 363, 364, 365).

*II. Discussion*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ." 18 U.S.C. § 3582(c)(1)(A).

*A. Exhaustion*

District courts within the Tenth Circuit differ on whether Section 3582(c)(1)(A)'s exhaustion requirement is "jurisdictional." *See United States v. Gamboa*, 2020 WL 3091427, at *4 (D.N.M.) (Parker, J.) (explaining that "courts have found that the § 3582(c)(1)(A) administrative exhaustion requirement is a claims processing rule" while others conclude "without administrative exhaustion, a court is without jurisdiction"); *United States v. Gutierrez*, 2020 WL 5328864, at *1, n. 1 (D.N.M.) (Johnson, J.) (noting that "[c]ourts appear split as to whether the exhaustion requirement is jurisdictional or merely a claims-processing rule"). Indeed, whether Section 3582(c)(1)(A)'s administrative exhaustion requirement is jurisdictional remains an open question. *See United States v. Woods*, 2020 WL 4220494, at *1, n. 1 (D.N.M.) (Johnson, J.) (explaining that "Tenth Circuit has not yet decided this issue"). Nonetheless, in the absence of Tenth Circuit guidance, this Court has held that Section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. *See United States v. Llantada*, 2020 WL 5204283, at *2 (D.N.M.) (Gonzales, J.) (holding that "Court lacks jurisdiction to consider Defendant's Motion for Compassionate Release" because "Defendant has not exhausted his administrative remedies with the BOP").

Here, Ms. Hopper does not establish that she exhausted her administrative remedies before filing her Motion. *See* (Doc. 363, 364, 365). Specifically, neither the record nor Ms. Hopper's representations to the Court indicate that she requested compassionate release from the Warden, or otherwise attempted to exhaust her administrative remedies. *See id.* As a result, Ms. Hopper's Motion is jurisdictionally barred. Nevertheless, because the questions of jurisdiction and exhaustion remain undecided by the Tenth Circuit, the Court will continue to evaluate Ms.

Hopper's Motion on the merits. *See e.g., United States v. Abdeljawad*, 2020 WL 4016051, at *2, n. 1 (D.N.M.) (holding that "[b]ecause of the split on the exhaustion issue, the Court proceeds to address the next part of the inquiry"); *United States v. Baca*, 2020 WL 5369078, at *14 (D.N.M.) (concluding that petitioner "has not fulfilled the exhaustion requirement" but proceeding to the merits of his claim).

### B. Extraordinary and Compelling Reasons to Justify Release

Compassionate release is available when a petitioner's sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), (2). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Saldana*, 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling bases for release: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1; *but see United States v. Rodriguez*, 2021 WL 717045, at *2 (10th Cir.) (Briscoe, J., concurring) (explaining growing trend that U.S.S.G. § 1B1.13 "does not apply to defendant-filed motions" for compassionate release).

Courts in this district have found COVID-19 concerns are appropriately categorized as "other reasons" when considering extraordinary and compelling bases for relief. *See e.g., United States v. Juaréz-Parra*, 2020 WL 5645703, at *1 (D.N.M.) (explaining that petitioner's "motion

is properly considered under § (1)(D), other reasons"); *United States v. Bell*, 2020 WL 5505505, at *2-3 (D.N.M.) (finding that "Defendant relies on the definition found in 1(D), 'Other Reasons'"). Other courts, however, have addressed COVID-19 concerns under the first category, considering the "medical condition of the defendant." *See Baca*, 2020 WL 5369078, at *15 (explaining that subsection (D) is "clear" and only permits BOP, not courts, to craft other "extraordinary and compelling reasons"). Both categories of relief, however, fall within the ambit of "extraordinary and compelling reasons." It is, therefore, unnecessary to opine on which category COVID-19 concerns fit neatly within, if a petitioner's claim does not rise to the broader threshold requirement of "extraordinary and compelling." *See also Rodriguez*, 2021 WL 717045, at *2 (Briscoe, J., concurring) (explaining that U.S.S.G. § 1B1.13 categories should not serve as exclusive list of circumstances that warrant compassionate release).

In this Court's prior Order denying Ms. Hopper's request for compassionate release, it explained that her COPD, uncontrolled hypertension, and myocardial mild ischemia present extraordinary and compelling reasons justifying compassionate release. (Doc. 357) at 7. In her current Motion, Ms. Hopper does not contend that her medical conditions have improved, and she argues that she continues to be at high-risk from severe illness from COVID-19. *See* (Doc. 363, 364, 365). As a result, the Court concludes that Ms. Hopper continues to present extraordinary and compelling reasons justifying compassionate release. *See* (Doc. 357) at 7 (citing Center for Disease Control, *People with Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 2, 2021)).

### C. Section 3553(a) Factors

Even if extraordinary and compelling reasons support a sentence reduction, Ms. Hopper must also demonstrate she is not a danger to the community and that the Section 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The community safety analysis focuses on the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. U.S.S.G. § 1B1.13(2) (incorporating the 18 U.S.C. § 3142(g) factors). Section 3553(a) incorporates some of these factors and focuses on deterrence, the guideline range, and the need to avoid unwarranted sentence disparities among similar offenders. 18 U.S.C. § 3553(a).

In its prior Order denying Ms. Hopper's request for compassionate release, this Court explained that her history and characteristics, the nature of her offense, and the remaining length of her sentence do not render her a viable candidate for compassionate release. *See* (Doc. 357) at 7-9. In her present Motion, Ms. Hopper does not contend that any of these factors have changed. *See* (Doc. 363, 364, 365). As a result, the Court denies Ms. Hopper's Motion on these same grounds.

The Court notes that Ms. Hopper's underlying offense involved kidnapping a woman and her children, transporting them to New Mexico, and holding the victim against her will. Presentence Investigation Report (PSR), at ¶ 29. Ms. Hopper was complicit, and conspired to participate in the offense, while her co-Defendants restrained the victim, threatened her with an unregistered firearm, and "took turns sexually assaulting her." *Id.* Ms. Hopper "took care of the [victim's] children in an area away from their mother as she was being sexually assaulted." *Id.* As a result of the attack, the victim explains that her children "have a mental block" and attend

therapy at school. *Id.* at ¶ 34. At sentencing, Ms. Hopper's total offense level for her role in the assault was 38. *Id.* at ¶ 47.

In addition to the underlying offense conduct that weighs against her release, the Court also notes Ms. Hopper's prior adult criminal convictions. *See id.* at ¶¶ 50-71. These convictions include attempted murder, contempt of court, and theft. *Id.* at ¶¶ 50, 58, 60. Ms. Hopper was also previously charged with burglary and first-degree battery. *Id.* at ¶¶ 66, 71. Ms. Hopper's criminal history weighs against granting her release, and the Court also notes that many of these offenses were committed while Ms. Hopper was an older adult. *Id.* at ¶¶ 53, 54, 55, 56, 57, 58, 59, 60. For example, Ms. Hopper continued to be charged with criminal conduct after age 47, including seven convictions between age 47 and 59. *Id.* Her criminal history, and her repeated adult convictions well into her fifties, evidence that Ms. Hopper remains a danger to the community if released from custody.

Moreover, the Court notes that Ms. Hopper has served only 27% of her sentence. *See* (Doc. 357) at 8 (explaining that Ms. Hopper's projected release date is February 2, 2035). Allowing her release at this juncture would undermine the gravity of the offense, and the life-long trauma that the victim and her children endured as a result of the underlying attack. *See* PSR, at ¶ 34. Ms. Hopper's release date weighs against relief under 18 U.S.C. § 3553(a), requiring that the sentence imposed be commensurate with the crime committed, to effectuate deterrence and to alleviate unwarranted sentencing disparities between similar offenders.

However, the Court notes that in reviewing Ms. Hopper's renewed request for compassionate release, it fully examined her pleas for relief. *See* (Docs. 363, 364, 365). In pertinent part, the Court notes that several of Ms. Hopper's prior offenses are for crimes of

7

poverty: passing bad checks, petty theft, and fraud. *See e.g.*, PSR, at ¶¶ 51, 54, 56. The Court weighed this consideration when deciding Ms. Hopper's request for relief.

In addition, the Court notes that Ms. Hopper's record, and her current letters to the Court, express a lack of agency. Principally, Ms. Hopper was the victim of domestic abuse from a young age. *See* PSR, at ¶¶ 82, 83 (detailing child abuse); (Doc. 364) at 3 (explaining she has lived "extremely controlled life"). The Court likewise considered these circumstances, and others, in weighing Ms. Hopper's request for relief. See U.S.S.G. § 1B1.13(2) (directing that Court consider "history and characteristics" of petitioner).

At this juncture, however, and viewing the case in its entirety, the equities weigh in favor of denying Ms. Hopper's request for compassionate release. The Court applauds Ms. Hopper's efforts to retain agency over her decision making. The Court understands that Ms. Hopper is concerned for her health and safety while in custody, and it does not make light of these concerns. However, for the reasons described above, and those previously detailed in this Court's prior Order denying Ms. Hopper's request for compassionate release, the 18 U.S.C. § 3553(a) factors weigh against her release from custody.

Accordingly, the Court concludes that even though Ms. Hopper meets the threshold requirements for release, modification is not appropriate given the nature of the offense, her history and characteristics, and the length of her sentence remaining. Specifically, permitting Ms. Hopper to be released would undermine the need for deterrence and create unwanted sentence disparities. In addition, the Court notes that, even if Ms. Hopper was a viable candidate for release, she has not demonstrated that she complied with the administrative exhaustion requirements, depriving this Court of jurisdiction to authorize release.

IT IS THEREFORE ORDERED that Ms. Hopper's Motion to Reduce Sentence under 18 U.S.C. § 3583 and the First Step Act of 2018 (Doc. 363) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE