IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              CR No. 14-2130-003 KG

POLLY P. HOPPER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Polly P. Hopper's letters to the Court (Docs. 367, 370, 371, and 372), which the Court construes as motions under the First Step Act, 18 U.S.C. § 3582, and as matters related to habeas proceedings under 28 U.S.C. § 2255, and her Motions to Appoint Counsel (Docs. 368, 369). For the reasons explained herein, the Court denies the motions.

In her first Motion to Appoint Counsel, Defendant asks the Court to appoint counsel to aid her in a clemency petition to the President. (Doc. 368). Defendant did not identify, and the Court could not locate, any authority under which the Court could make such an appointment.[1] For this reason, the Motion is denied.

In her second Motion to Appoint Counsel, Defendant asks the Court to appoint counsel to "help [her] get the violence/sex offense off [her] record" based on an erroneous understanding of the Tenth Circuit's ruling in her co-defendant's appeal. (Doc. 369). Defendant cites *United States v. Jessie Hopper, Sr.*, 723 Fed. Appx. 645 (10th Cir. 2018), for the proposition that the Tenth Circuit determined this case did not involve force. (Doc. 369). In fact, the Tenth Circuit

---

[1] The Court notes that this case does not involve the death penalty and therefore does not invoke counsel to be appointed under 18 U.S.C. § 3599 for defendants sentenced to death.

held that 18 U.S.C. § 1201(a), the federal kidnapping statute, is not categorically a crime of violence in light of recent Supreme Court decisions, and thus could not be the predicate offense for a charge under 18 U.S.C. § 924(c), using, carrying, and brandishing a firearm during and in relation to a crime of violence. *Hopper Sr.*, 723 Fed. Appx. at 646. Because federal kidnapping is not categorically a crime of violence, the Tenth Circuit vacated Jessie Hopper, Sr.'s conviction under section 924(c). *Id.* Defendant was not convicted under 18 U.S.C. § 924(c). Therefore, the Tenth Circuit's decision relating to Jesse Hopper, Sr. has no application to her case.

To the extent Defendant seeks to appeal or challenge her conviction sentence on this basis, the time to appeal expired. Fed. R. App. P. 4(b); *see also United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011) (holding motion for reconsideration of sentencing guideline application must be brought within the time granted to appeal that order). Accordingly, Defendant's Motion is untimely and, therefore, denied.

Defendant's first Letter to the Court (Doc. 367) invokes factual innocence. Claims of factual innocence, outside the time for appeal, sound within habeas corpus proceedings. More than one year has passed since Defendant exhausted her appeals, and she previously filed a habeas motion pursuant to 28 U.S.C. § 2255. *See* (Doc. 320) (denying Motion to Vacate under 28 U.S.C. 2255). To the extent Defendant claims she has "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," she must present this claim to the Tenth Circuit as described in 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244. To the extent this Letter constitutes a motion under section 2255, the Court lacks jurisdiction to hear the motion, and the motion is denied.

Defendant's second Letter to the Court (Doc. 370) again invokes factual innocence. For the reasons described above, the Court construes the Letter as a motion under section 2255 and denies the motion. The second Letter also addresses Defendant's "public safety" administrative classification by Bureau of Prisons. Defendant asks the Court to appoint counsel to help her address the classification issue. By statute, the Bureau of Prisons may develop

> an integrated system which all assure the proper classification and segregations of Federal prisoners according to the nature of the offenses committed, the character and mental conditions of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

18 U.S.C. § 4081. Inmate classifications are clearly committed to the discretion of the Bureau of Prisons, and the Court has no meaningful standard upon which to judge the appropriateness of those decisions. *Heckler v. Chaney*, 470 U.S. 821, 830. Moreover, classification is committed to the sound discretion of the executive branch. It would be inappropriate for the judiciary to involve itself in that process. For these reasons, and to the extent the second Letter constitutes a motion to appoint counsel, that motion is also denied.

Defendant's third Letter to the Court (Doc. 371) again invokes factual innocence. For the reasons described above, the Court construes the Letter as a motion under section 2255 and denies the motion. The third Letter also references Defendant's age and medical condition. To the extent this Letter constitutes a motion to modify her sentence under 18 U.S.C. § 3582(c) and the First Step Act, it is not clear that Defendant first exhausted her administrative remedies. That is, it is not clear that Defendant requested that the Bureau of Prisons "make such a motion on her behalf and then either (1) 'fully exhaust[ed] all administrative rights to appeal a failure of the [BOP] to bring [the] motion on [her] behalf' or (2) wait for thirty days to have passed since the 'warden of the [prisoner]'s facility' received her request." *United States v. Johnson*, 849 Fed.

Appx. 750, 752 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Section 3582(c)(1)(A)'s exhaustion requirement is mandatory in this circuit and is not judicially waivable. *Id.* at 753 (citing *United States v. Gieswein*, 832 Fed. Appx. 576, 577-78 (10th Cir. 2021); *United States v. Springer*, 820 Fed. Appx. 788, 791-92 (10th Cir. 2020)). Because the Court cannot determine whether Defendant exhausted her administrative remedies, this Court lacks jurisdiction to consider the motion under section 3582(c) and therefore denies the same.

Defendant's fourth Letter to the Court (Doc. 372) again invokes factual innocence and her age/medical conditions. For the reasons described above, the Court construes the Letter as a motion under section 2255 and denies the motion. The Court also construes the fourth Letter as a motion under section 3582(c), and, for the reasons described above, denies that motion for lack of jurisdiction.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE