IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

POLLY HOPPER,

    Petitioner,

v.                                                                                     Civ. No. 22-0708 KG-KBM
                                                                                      CR No. 14-2130 KG
UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Polly Hopper's Letter Regarding Federal

Conviction and Sentence.  (CV Doc. 1) (Letter-Pleading).  Construed liberally, the Letter-

Pleading appears to contain a mixture of habeas claims, civil rights claims, and a request for

compassionate release.  Having reviewed the record and applicable law, the Court declines to

order an early release.  The Court will also dismiss any habeas or civil rights claims for lack of

jurisdiction.

I.  Background

    On February 27, 2015, a jury convicted Ms. Hopper of kidnapping and conspiracy in

violation of 18 U.S.C. §§ 371 and 1201(a)(l).  (CR Doc. 184).[1]  The Court sentenced her to 292

months imprisonment, followed by five years of supervised release.  (Doc. 212).  Ms. Hopper

filed a direct appeal, and the Tenth Circuit affirmed her conviction and sentence.  (Doc. 276-1).

On February 6, 2018, Ms. Hopper filed her first motion challenging the convictions under 28

U.S.C. § 2255.  (Doc. 281).  The Court conducted a full review on the merits but ultimately

denied relief.  (Doc. 320).  Ms. Hopper filed a habeas appeal, and the Tenth Circuit again denied

---

[1] Unless otherwise noted, all further citations refer to the criminal docket, CR No. 14-2130 KG.

relief.  (Docs. 322, 333).  Ms. Hopper filed a second Section 2255 motion in 2020.  (Doc. 336).

Because she did not obtain prior Circuit authorization to pursue a successive Section 2255 claim,

the Court dismissed the matter for lack of jurisdiction.  (Doc. 338).

In 2020, Ms. Hopper filed the first of several motions seeking compassionate release.

(Doc. 340).   The Court initially appointed counsel, and the first motion was supported by over

700 pages of records detailing her medical conditions.  (Docs. 347, 348, 349).  The Court denied

the first, counseled motion for compassionate release by a ruling entered August 24, 2020.  (Doc.

357).  The ruling noted Ms. Hopper's medical conditions may be extraordinary, but she presents

a danger to her community and is therefore ineligible for relief based on the 18 U.S.C. § 3553(a)

factors.  Ms. Hopper filed an additional, *pro se* motion for compassionate release along with

several other motions seeking counsel in 2020 and 2021.  (Docs. 363, 368, 369).  The Court

declined to grant relief in each instance.  (Docs. 366, 373).

The instant Letter-Pleading touches on a variety of topics.  Ms. Hopper appears to raise

habeas claims under 28 U.S.C. §§ 2241 and 2255 and seeks compassionate release under 18

U.S.C. § 3582.  She may also challenge her conditions of confinement under 42 U.S.C. § 1983,

but it is not clear whether those allegations are intended to support her bid for an early release.

Ms. Hopper is currently incarcerated at FMC Carswell, a Bureau of Prisons (BOP) medical

center in Fort Worth, Texas.  *See* https://www.bop.gov/inmateloc/.  Her projected release date is

February 2, 2035.  *Id.*

II. Discussion

District courts do "not have inherent power to resentence defendants" or modify criminal

judgments.  *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).  The Court can only

"modify a defendant's sentence … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* The primary vehicles for modifying a federal sentence are 18 U.S.C. § 3582 (compassionate release), 28 U.S.C. § 2241 (habeas claims relating to sentence execution), and 28 U.S.C. § 2255 (habeas claims relating to the underlying judgment). Where, as here, the defendant files a mixed pleading raising habeas and compassionate release arguments, courts should address the separate arguments under each relevant legal standard. *See United States v. Wesley,* 60 F.4th 1277, 1289 (10th Cir. 2023) (requiring a separate analysis of each claim when the "district court receives a compassionate release motion that comprises or includes a claim governed by § 2255").

A.  *Claims Relating to the Execution of a Sentence or Conditions of Confinement*

Ms. Hopper argues the BOP is providing unsafe conditions of confinement and that BOP officials "put a charge on [her] that the Judge did not give [her]." (CV Doc. 1) at 3, 6.  To the extent Ms. Hopper challenges the BOP's construction of her criminal judgment and execution of her sentence, such claim must be construed under 28 U.S.C. § 2241.  Section 2241 is the proper "vehicle ... for attacking the execution of a sentence." *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008).  When a pleading raises a claim under Section 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined").

A similar rule applies to Ms. Hopper's allegations regarding her conditions of confinement.  If an inmate wishes to "challenge[] his [or her] conditions of … confinement,"

they "must do so through a civil rights action" in the district of confinement. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). FMC Carswell is located in Tarrant County, in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). Any Section 2241 habeas challenge to the execution of Ms. Hopper's sentence or civil rights complaint under 42 U.S.C. § 1983 must be filed in the United States District Court for the Northern District of Texas. To the extent the Letter-Pleading raises such claims in this Court, they will be dismissed without prejudice for lack of jurisdiction.

    B. *Claims Asserting Factual Innocence & Trial Defects*

    Ms. Hopper alleges she is in prison for a crime she did not commit. (CV Doc. 1) at 4. She further alleges co-defendant Jesse Hopper Jr. lied and that she was not permitted to testify at trial. These arguments "challenges [her] underlying conviction" and must therefore be construed as successive Section 2255 claims. *United States v. Williams*, 790 F.3d 1059, 1067 (10th Cir. 2015). As explained in the last habeas ruling, District Courts lack jurisdiction over any successive Section 2255 claims filed without Circuit authorization. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). There is no indication the Tenth Circuit has authorized such a filing here. In addition, transferring the Letter-Pleading to the Tenth Circuit is not in the interest of justice. To be meritorious, a successive Section 2255 motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Ms. Hopper has not cited new, reliable evidence or a new Supreme Court ruling that impacts her case. Accordingly, the Court will dismiss any successive Section 2255 claims that appear in the Letter-Pleading for lack of jurisdiction.

C. *Request for Compassionate Release*

Ms. Hopper finally argues that she would be eligible for an early release but has "been denied through the [BOP's] administrative remedy process." (CV Doc. 1) at 3.  The Court discerns this may refer to the exhaustion requirement for compassionate release motions.  To the extent Ms. Hopper renews her request for compassionate release under 18 U.S.C. § 3582, this request is denied.

As the Court has explained in three prior rulings, Ms. Hopper is not a good candidate for relief based on the 18 U.S.C. § 3553(a) factors.  (Docs. 357, 366, 373).  Those rulings are incorporated here by reference.  Ms. Hopper's underlying offense involved kidnapping a woman and children, transporting them to New Mexico, and holding the victim against her will.  Presentence Investigation Report (PSR), at ¶ 29.  Ms. Hopper was complicit, and conspired to participate in the offense, while her co-defendants restrained the victim, threatened her with an unregistered firearm, and "took turns sexually assaulting her."  *Id.*  Ms. Hopper "took care of the [victim's] children in an area away from their mother as she was being sexually assaulted."  *Id.*  Moreover, Ms. Hopper's prior adult criminal convictions include attempted murder, contempt of court, and theft.  *Id.* at ¶¶ 50-71.  The instant Letter-Pleading does not demonstrate any material change to Ms. Hopper's history, characteristics, or the nature of her offense.   The Court therefore declines to grant any request for compassionate release.

 In sum, the Court will deny the Letter-Pleading, to the extent it seeks relief under 18 U.S.C. § 3582.  All remaining claims will be dismissed without prejudice for lack of jurisdiction.  The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the lack of jurisdiction over habeas claims is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). The Court finally notes that Ms. Hopper has filed over ten post-judgment letters and motions in the past three years. (Docs. 281, 336, 340, 363, 364, 365. 367, 368, 367-372). If Ms. Hopper continues to raise the same arguments regarding an early release and/or defects in her conviction, the Court may consider filing restrictions.

IT IS ORDERED:

1.  Polly Hopper's Letter Regarding Federal Conviction and Sentence (CV Doc. 1) is denied, to the extent it seeks compassionate release under 18 U.S.C. § 3582.

2.  Polly Hopper's Letter Regarding Federal Conviction and Sentence (CV Doc. 1) is dismissed without prejudice for lack of jurisdiction, to the extent it seeks relief 28 U.S.C. §§ 2241, 2255, or 42 U.S.C. § 1983.

3.  A certificate of appealability is denied.

4.  The Court will enter a judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE