IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 14-CR-2130 KG

POLLY P. HOPPER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Polly Hopper's two pending motions. First, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Motion for Compassionate Release), (Doc. 388), filed January 5, 2024. The United States filed its Response on February 20, 2024, and Defendant filed her Reply on March 8, 2024. Second, Defendant's Amended Motion for Sentence Reduction Under U.S.S.G. 821 Amendment (Amendment 821 Motion), (Doc. 412), filed on April 18, 2024. The United States filed its Response on June 20, 2024. Having considered the briefing and relevant law, the Court grants Ms. Hopper's Motions. The Court begins its discussion with Ms. Hopper's Amendment 821 Motion below.

I.    *Amended Motion for Sentence Reduction Under U.S.S.G. 821 Amendment*

The Court imposed a sentence on October 27, 2015, committing Ms. Hopper to the custody of the Bureau of Prisons for a term of 292 months, based on a Total Offense Level 38 and Criminal History Category III, resulting in a Guideline sentencing range of 292–365 months. The Presentence Report, calculating the Total Offense Level and Criminal History Category, states:

**Offense Level Computation**

36. The 2014 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

37. Counts 1 and 2 are grouped for guideline calculation purposes. USSG §3D1.2(b).

**Count Group 1: Kidnapping and Aiding and Abetting**

38. **Base Offense Level:** The guideline for 18 U.S.C. § 1201(a)(1) offenses are found in USSG §2A4.1 of the guidelines. That section provides that an offense involving Kidnapping has a base offense level of 32. USSG §2A4.1.  **32**

39. **Specific Offense Characteristics:** Pursuant to USSG §2A4.1(b)(3), if a dangerous weapon was used, increase by two levels. As noted in the offense conduct section, a Sears brand, model 101.1120, unknown model, .410 weapon made from a shotgun (serial number obliterated), with a barrel length of approximately 9 ¾ inches and an overall length of approximately 20 ½ inches was possessed and used in connection with the kidnapping of the victim.  **+2**

40. **Specific Offense Characteristics:** Pursuant to USSG §2A4.1(b)(5), if the victim was sexually exploited, increase by six levels. As noted in the offense conduct section, the victim was sexually assaulted during her abduction; therefore, the offense level was increased by six levels.  **+6**

41. **Victim Related Adjustment:** None.  **0**

42. **Adjustment for Role in the Offense:** The defendant was a minor participant in any criminal activity; therefore, decrease by two levels. USSG §3B1.2(b).  **-2**

43. **Adjustment for Obstruction of Justice:** None.  **0**

44. **Adjusted Offense Level (Subtotal):**  **38**

45. **Chapter Four Enhancement:** None.  **0**

46. **Acceptance of Responsibility:** As of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. USSG §3E1.1. Pursuant to U.S.S.G. §3E1.1, Application Note 2, a reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of the guilt." The defendant was convicted of this offense at trial. She has not accepted responsibility for her criminal conduct; therefore, an adjustment under this section will not be applied.  **0**

47. **Total Offense Level:**  **38**

…

**Criminal History Computation**

> 61. The criminal convictions above result in a subtotal criminal history score of three.
>
> 62. The defendant committed the instant offense while under a criminal justice sentence for the crime committed in paragraph 60; therefore, two points are added. USSG §4A1.1(d).
>
> 63. The total criminal history score is five. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of five establishes a criminal history category of III.

*Presentence Report* (Doc. 392-1) at 11–12, 15. As of the date of this order, Ms. Hopper has remained in custody. However, since the date Ms. Hopper's sentence was imposed, the United States Sentencing Commission amended the Sentencing Guidelines, and those amendments became effective November 1, 2023.

The amendment that is relevant to Ms. Hopper is Part A, discussing the calculation of criminal history points, and addresses:

> "status points" for offenders, namely the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence. . . . Offenders with six or fewer criminal history points under subsection (a) through (d) will no longer receive "status points." . . . [T]he amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.

U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 821 at 240–41 (2023). As noted above, Ms. Hopper's criminal history score of 5 originally included 2 "status points." Based on the applicable amendment, her criminal history score is reduced to 3 and, as a result, her Criminal History Category is reduced from III to II and the Guideline imprisonment range is

now 262–327 months.[1] The Court considers 18 U.S.C. § 3553(a) factors in the following section because both of Ms. Hopper's Motions require such an analysis.

## II.  Motion for Compassionate Release

### A.  Background

On February 27, 2015, after a jury trial, Ms. Hopper was found guilty of Kidnapping and Conspiracy. (Doc. 184). On October 27, 2015, the Court sentenced Ms. Hopper to 292 months imprisonment followed by five years of supervised release. (Doc. 212). After sentencing, Ms. Hopper filed a direct appeal and the Tenth Circuit affirmed Ms. Hopper's conviction and sentence. (Doc. 276-1). Ms. Hopper then challenged her convictions under 28 U.S.C. § 2255, and the Court denied her Section 2255 motion. (Docs. 281, 320). Ms. Hopper appealed, and the Tenth Circuit denied a Certificate of Appealability and dismissed the appeal. (Docs. 322, 333). Ms. Hopper also filed a second Section 2255 motion, which the Court denied. (Docs. 336, 338).

On May 18, 2020, Ms. Hopper filed her first Motion for Compassionate Release due to COVID-19. (Doc. 340). On August 24, 2020, the Court denied Ms. Hopper's first Motion, finding Ms. Hopper presented extraordinary and compelling reasons warranting compassionate release, but she presented a danger to her community and, therefore, was ineligible for relief. (Doc. 357) at 8. On January 29, 2021, Ms. Hopper filed her second Motion for Compassionate Release. (Doc. 363). This Court denied the motion again finding extraordinary and compelling reasons were present, however, 18 U.S.C. § 3553(a) factors weighed against relief. (Doc. 366) at 8. On January 5, 2024, Ms. Hopper filed her third Motion for Compassionate Release,

---

[1] "The Commission's recent research suggests that "status points" improve the predictive value of the criminal history score less than the original Commission may have expected, suggesting that the treatment of "status points" under Chapter Four should be refined." U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 821 at 241 (2023).

4

requesting compassionate release based on age, rehabilitation, and serious health conditions. (Doc. 388) at 1.

### B. Discussion

The Tenth Circuit endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining "[b]ecause this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion for a sentence reduction if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. "District courts may deny a compassionate-release motion at any of the three steps without addressing the others." *United States v. Bonilla*, 2024 WL 1672366, at *2 (10th Cir.) (citing *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021)). Before reaching the merits evaluated in this three-part test, however, the Court begins with the threshold issue of whether Ms. Hopper exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

#### 1. Exhaustion

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to Section 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A)). Specifically, after an initial denial by the warden, a petitioner "may

5

appeal…through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B). 28 C.F.R. § 571.63(a). Only after the petitioner's request is denied by the General Counsel or the Bureau of Prisons Director does the denial "constitute[] a final administrative decision." 28 C.F.R. § 571.63(b)–(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel).

Here, Ms. Hopper requested and was denied compassionate release from the Warden at Federal Medical Center, Carswell on October 31, 2023. (Doc. 388) at 14. Thus, Ms. Hopper has effectively exhausted her administrative remedies and the Court will consider the merits of her Motion for Compassionate Release.

*2. Consideration of Extraordinary and Compelling Reasons*

In this Court's prior Orders denying Ms. Hopper's request for compassionate release, it explained that her COPD, uncontrolled hypertension, and myocardial mild ischemia present extraordinary and compelling reasons justifying compassionate release. *See* (Doc. 357) at 7. In the current Motion for Compassionate Release, Ms. Hopper does not assert that her medical conditions have improved. As a result, the Court concludes that Ms. Hopper continues to present extraordinary and compelling reasons justifying compassionate release.

*3. Section 3553(a) Factors*

Although the Court has determined that Ms. Hopper presents extraordinary and compelling reasons justifying compassionate relief, Section 3553(a) factors must also support a reduction. These factors include the: nature and seriousness of the offense, history and characteristics of the defendant, need to provide a just punishment and protect the public, need for rehabilitative services, applicable guideline sentence, and need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). The government again argues these factors

weigh against a sentence reduction and reminds this Court of its previous findings in its Memorandum Opinion and Order filed on March 4, 2021, (Doc. 366). (Doc. 399) at 3. Ms. Hopper argues that her rehabilitative efforts and old age support a sentence reduction. (Doc. 410) at 2. For the reasons discussed below, the Court agrees and reduces her sentence to 262 months.

First, the Court determines that Ms. Hopper has made significant rehabilitative progress. The Court agrees with the government that Ms. Hopper's criminal history is troubling. The Court notes she has incurred a disciplinary infraction for possessing an unauthorized item and as a result, lost seven days of commissary privileges. (Doc. 392). The Court, however, emphasizes that such infraction happened over five years ago, and Ms. Hopper has not incurred another infraction. Although Ms. Hopper may not be the model prisoner, she has certainly shown growth considering her lengthy criminal history. Considering her educational journey, employment status, and efforts towards good behavior, Ms. Hopper appears to have made significant progress towards rehabilitation.

Second, the Court remains concerned with undermining the gravity of the offense but notes that Ms. Hopper now has served almost half of her sentence. As of the date of this Order, Ms. Hopper has completed just below 50% of her sentence.[2] In its previous Order, (Doc. 366), the Court similarly did not want to undermine the gravity of the offense by releasing Ms. Hopper when she had served only 27% of her sentence. (Doc. 366) at 7. Now that Ms. Hopper has

---

[2] In its Response, the Government contends that Ms. Hopper has served 38% of her sentence. (Doc. 399) at 3. However, Defendant's projected release date is February 2, 2035. (Doc. 392). She has remained in custody since May 9, 2014. *Id.* Thus, Defendant has served 123 months as of July 16, 2024, with about 125 months remaining.

served about 50% of her sentence, the Court's concerns and the weight of this factor has decreased.

Finally, this Court is persuaded that Ms. Hopper's age and medical conditions significantly decrease her ability to pose a danger to the community. Ms. Hopper is now 70 years old with many medical conditions including but not limited to colon cancer, high blood pressure, heart disease, and glaucoma. (Doc. 388) at 1. The Court recognizes that Ms. Hopper's impaired physical state will create difficulty carrying out her daily activities but most importantly will mitigate her risk of harm to the community.

In weighing all of the factors, the Court gives less weight to Ms. Hopper's criminal history than her extended rehabilitative efforts and impaired physical state which suggest that she will pose less of a direct danger to society upon release. As with any sentence imposed, this Court seeks to avoid unwarranted sentencing disparities. (Doc. 366) at 7. To effectuate the goals of sentencing, the Court imposes a lesser sentence of 262 months, not time served.[3] Thus, the Court grants Ms. Hopper's Motion for Compassionate Release by imposing an amended sentence of 262 months followed by 5 years of supervised release.

For all the reasons discussed above, the Court grants both of Ms. Hopper's Motions and reduces her previously imposed sentence from 292 to 262 months. Except as otherwise provided, all provisions of the judgment entered October 27, 2015, (Doc. 212), shall remain in effect.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to 18 U.S.C. § 3582, the Court may reduce a defendant's imprisonment sentence to immediate release or a reduction in sentence. *See also United States v. Marks*, 455 F.Supp.3d 17, 37 (W.D.N.Y. 2020) (granting motion for compassionate release by imposing an amended sentence more than time served).